**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-24798**

DAVID OPPENHEIMER,

                Plaintiff,

v.

RAKONTUR LLC and WILLIAM MARCUS
COHEN a/k/a BILLY CORBEN,

                Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DAVID OPPENHEIMER by and through his undersigned counsel, brings this

Complaint against Defendants RAKONTUR LLC AND WILLIAM MARCUS COHEN a/k/a

BILLY CORBEN for injunctive relief and damages, and alleges as follows:

**SUMMARY OF THE ACTION**

1.     Plaintiff DAVID OPPENHEIMER ("Oppenheimer") brings this action for violations of

exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute

Oppenheimer's original copyright-protected Work of authorship after removal of his copyright

management information ("CMI").

2.  Oppenheimer is an independent travel, aerial, and concert photographer, who operates

Performance Impressions LLC as the primary outlet to sell prints of his work in addition to

commercial licensing. Oppenheimer has a large archive of aerial and concert photography with

over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial

photographs of major cities, rural, and mountain landscapes across the United States. His work

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

has been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the City of New York.

3.  Defendant RAKONTUR LLC ("Rakontur") is a movie production studio in Miami Beach, Florida. At all times relevant herein, Rakontur owned and operated the internet website located at the URL https://www.rakontur.com/. Defendant WILLIAM MARCUS COHEN ("Cohen"), better known by the professional name Billy Corben, is an American documentary film director. At all times relevant herein, Cohen owned and operated the X account, located at the URL https://x.com/BillyCorben, and the Instagram account, located at the URL https://www.instagram.com/billycorben/, with these URLs referred to collectively as (the "Websites"). Defendants produced, distributed, and displayed a video about a controversial proposed real estate development at the International Links Melreese Country Club. Subsequently NBC Miami, CBS News, and the New York Times displayed the Work when they reported on the infringing video Defendants produced and distributed. The Work has been displayed at the following URLs:

    https://www.instagram.com/p/CciQjJgLzF-/
    https://twitter.com/BillyCorben/status/1516408561546444801
    https://www.youtube.com/watch?v=M1SUgbjVylk
    https://www.youtube.com/watch?v=_x_u-7n3mWs
    https://www.cbsnews.com/miami/news/david-samson-billy-corbel-inter-miami-cf-soccer-stadium-controversy-melreese/
    https://www.cbsnews.com/miami/news/melreese-vote-on-inter-miami-stadium/
    https://assets1.cbsnewsstatic.com/i/cbslocal/wp-content/uploads/sites/15909786/2022/04/Melreese-Stadium-Deal-Billy-Corben_2.jpg?w=640&h=360&crop=1
    https://www.nbcmiami.com/news/local/strange-bedfellows-team-up-to-tackle-intermiami-stadium-deal-in-viral-video/2740949/
    https://www.nytimes.com/athletic/3276828/2022/04/27/inter-miami-stadium-freedom-park-jorge-mas-billy-corben-david-beckham/

Collectively, the ("Infringing URLs"). Plaintiff does not assert claims against the news media entities, but includes those URLs to show Defendants' wide distribution and impact. Defendants'

use of Oppenheimer's Work was not incidental but was a deliberate part of their online video and social media campaign designed to influence public opinion and city government action regarding the redevelopment of Melreese Golf Course. Cohen is a professional documentary filmmaker and media producer, and the mini-documentary and related promotional campaign not only advanced his policy goals but also promoted his public persona, professional profile, and associated brand, yielding ancillary reputational and commercial benefits.

4. Defendants Rakontur and Cohen are collectively referred to herein as "Defendants".

5. Oppenheimer alleges that Defendants copied Oppenheimer's copyright-protected Work from the internet in order to advertise, market, and promote their mini-documentary and public advocacy campaign. Defendants committed the violations alleged in connection with their business for purposes of advertising and promoting their mini-documentary, increasing viewership, and influencing public response in the course and scope of their documentary and advocacy activities.

6. Oppenheimer, through counsel, contacted Defendants on multiple occasions to resolve the matter amicably. Defendants, although they initially responded, failed to engage in any effort to resolve the matter. As of the date of this filing, Defendants are continuing to actively display Oppenheimer's Work despite being on notice to cease and desist.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Florida.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

11. Rakontur LLC is a Florida Limited Liability Company, with its principal place of business at 927 Lincoln Rd Suite 200, Miami Beach, Florida, 33140, and can be served by serving its Registered Agent, Rakontur LLC, at 927 Lincoln Rd, Suite 200, Miami Beach, FL 33139.

12. William Marcus Cohen a/k/a Billy Corben is an individual residing in Miami-Dade County, state of Florida, and can be served at 7700 SW 52nd Ave, Miami, Florida, 33143.

## THE COPYRIGHT-PROTECTED WORK AT ISSUE

13. In 2019, Oppenheimer created an aerial photograph of the International Links Melreese Country Club in Miami, Florida, which is shown below and referred to herein as the "Work."



14. At the time Oppenheimer created the Work, Oppenheimer applied CMI to the Work consisting of adding a copyright watermark in the bottom right corner that reads, "© *2019 David Oppenheimer*."

15.  Oppenheimer has complied in all respects with Title 17 U.S.C. § 102, et seq., and all other laws governing federal copyright applicable to the Work, and prior to first publication of the Work, he registered the copyright with the U.S. Copyright Office on May 7, 2019. The Work is on deposit with the U.S. Copyright Office, registered with the contents title "International_Links_Melreese_Country_Club_golf_course_aerial_130.jpg" and is identified in the third paragraph on page four of the copyright registration certificate. The group registration was assigned number VAu 1-356-215, a true and correct copy of which is attached as **Exhibit 1**.

16. At all relevant times Oppenheimer was the owner of the copyright-protected Work.

<u>**INFRINGEMENT BY DEFENDANTS**</u>

17. Defendants have never been licensed to use the Work for any purpose.

18. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

19. On or about January 28, 2023, Oppenheimer discovered the unauthorized use of his Work on the Websites. Cohen posted the Work to his X account with the caption "The @CityofMiami is about to get [expletive] on the biggest real estate deal in Miami history. @InterMiamiCF's stadium scheme is worse than the @Marlins Park boondoggle. Take it from THE EXPERT in this new minidoc: tell city commissioners "Don't #BendOverForBeckham!" #BecauseMiami." This post on X, at the time of discovery, had gotten 185 comments, 1.3k reposts, 2.9k likes, and 154 saves.

20. Defendants copied Oppenheimer's copyright-protected Work without Oppenheimer's permission.

21. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote their mini-documentary and public advocacy campaign, and to increase

audience engagement and visibility for their lobbying efforts concerning the Melreese Golf Course redevelopment.

22. Defendants copied and distributed Oppenheimer's copyright-protected Work in connection with Defendants' public relations and advocacy activities, for purposes of advertising and promoting their mini-documentary and campaign opposing the Melreese redevelopment.

23. Defendants committed copyright infringement of the Work as evidenced by the screenshots of the infringing uses attached hereto as **Exhibit 2**.

24. Oppenheimer never gave Defendants permission or authority to copy, distribute or display the Work for any purpose.

25. Oppenheimer notified Defendants of the allegations set forth herein on April 16, 2024, and May 17, 2024. To date, the parties have failed to resolve this matter. Defendants failed to respond to any communications. As of the date of this filing, the Work remains publicly accessible at several of the Infringing URLs.

26. When Defendants copied and displayed the Work, Defendants removed Oppenheimer's CMI from the Work. These acts were committed deliberately or with reckless disregard for Oppenheimer's rights, and with the intent to induce, enable, facilitate, or conceal infringement of Oppenheimer's copyright-protected Work.

27. Oppenheimer never gave Defendants permission or authority to remove CMI from the Work.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Oppenheimer incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Oppenheimer owns a valid copyright in the Work.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

30. Oppenheimer registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. Defendants copied, displayed, and distributed the Work and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

32. Defendants performed the acts alleged in the course and scope of their documentary production and public advocacy activities.

33. Defendants' acts were willful.

34. Oppenheimer has been damaged.

35. The harm caused to Oppenheimer includes irreparable harm, and Defendants have benefitted from infringement of the Work. Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

**COUNT II**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

36. Oppenheimer incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. The Work at issue in this case contains CMI.

38. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

39. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

40. Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

41. Oppenheimer has been damaged.

42. The harm caused to Oppenheimer includes irreparable harm and Defendants have benefitted from infringement of the Work. Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution of the Work in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

WHEREFORE, the Plaintiff DAVID OPPENHEIMER prays for judgment against the Defendants RAKONTUR LLC AND WILLIAM MARCUS COHEN that:

a.   Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b.   Defendants be required to pay Oppenheimer his actual damages and Defendants' profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c.   Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.   Oppenheimer be awarded pre- and post-judgment interest; and

e.   Oppenheimer be awarded such other and further relief as the Court deems just and proper.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

## JURY DEMAND

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: October 17, 2025                    Respectfully submitted,


**SRIPLAW, P.A.**

*/s/ Sanje V. Lara*
SANJE V. LARA
Florida Bar Number: 1031680
sanje.lara@sriplaw.com

9100 S. Dadeland Boulevard
Suite 1500
Miami, FL 33156
786.743.0018 – Telephone
561.404.4353 – Facsimile

And

JOEL B. ROTHMAN
Florida Bar Number: 98220
Joel.rothman@sriplaw.com

21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Oppenheimer*